Doug James (2237)
Bryce Burke (60050055)
MOULTON BELLINGHAM PC
27 N. 27th Street, Suite 1900
P. O. Box 2559
Billings, Montana 59103-2559
Telephone: (406) 238-1565
Doug.James@moultonbellingham.com
Morgan.Hoyt@moultonbellingham.com

Attorney for American Bank Center

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MONTANA

| | |
|---|---|
| IN RE:<br><br>SHOOT THE MOON, LLC,<br><br>Debtor. | Case No. 15-60979-11<br><br>Adv. No. 21-02005 |
| JEREMIAH FOSTER, as trustee of the STM Liquidating Trust, successor and assignee to the claim of Jeremiah Foster, as trustee for the Chapter 11 Estate of SHOOT THE MOON, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FIRST INTERSTATE BANK, a Montana banking corporation, AMERICAN BANK CENTER, a North Dakota chartered bank, and JOHN DOES 1-10,<br><br>Defendants. | **AGREED MOTION FOR JUDICIAL NOTICE** |

Defendant American Bank Center ("ABC") respectfully requests that the Court take judicial notice of certain facts under Fed. R. Evid. 201(b)(1) and (b)(2), as further described below. ABC requests that the Court take judicial notice of the following matter:

- The December 12, 2015 Transcript of the First Meeting of Creditors in the Shoot the Moon case, attached as **Exhibit A**.

Counsel for ABC contacted Kyle Ryan and Dave Cotner, counsel for the Trustee, regarding this Motion. The Trustee's counsel **consents** to the Court granting this Motion and taking judicial notice of the entire Transcript of the First Meeting of Creditors.

## FACTS

On October 21, 2015, Debtor Shoot the Moon, LLC filed its Chapter 11 voluntary petition. A week later, Jeremiah Foster was conditionally approved as trustee on October 28, 2015 (STM ECF 28) with the requisite duties imposed under 11 U.S.C. § 1106.

On December 12, 2015, Neal Jensen, the Assistant U. S. Trustee for the District of Montana, conducted the First Meeting of Creditors in the Shoot the Moon case. Trustee Foster testified during the 341 Meeting.

The Trustee filed his Third Amended Complaint against ABC on February 28, 2022. (ECF 78). The Trustee attached five pages of the Transcript of the 341 Meeting to his Complaint as Exhibit Q. ABC moves the Court to take judicial notice of the entire 341 Meeting Transcript so that the portions attached to the Trustee's complaint will be in context of the rest of the 341 Meeting.

## ARGUMENT

Under Fed. R. Evid. 201, the court may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Judicial notice is permissive by the Court on its own;

however, the Court must take judicial notice "if a party requests it and the Court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

I. **The Court should take judicial notice of the Transcript of the First Meeting of Creditors.**

The Court should take judicial notice of the entire Transcript of the First Meeting of Creditors in the Shoot the Moon case, **Exhibit A**. While judicial notice cannot be used to establish the truth or falsity of facts contained in the various pleadings, it can be utilized to establish the timing and status of certain events. *Miles v. State of California*, 320 F.3d 986, 987 n. 1 (9th Cir. 2003); *In re Horras*, 399 B.R. 885, 887 (Bankr. S.D. Iowa 2009) (taking judicial notice of the docket events and docketing dates); *Chandler v. United States*, 378 F.2d 906, 909 (9th Cir. 1967) (federal court can take judicial notice of its own records). In addition, a court can take judicial notice of its own court orders. *In re Snider Farms, Inc.* 125 B.R. 993, 559 (Bankr. N.D. Ind. 1991). Accordingly, ABC requests the Court take judicial notice of the entire Transcript of the December 12, 2015 First Meeting of Creditors, attached as **Exhibit A**.

The Trustee attached five pages of the 341 Meeting Transcript to his Complaint in support of his allegation that FIB and ABC were "intentionally silent" when the Trustee asked about claims against third parties. (ECF 78, Complaint ¶¶ 73 & 108). The Trustee ignores the fact that his referenced comments were directed to unsecured creditors, not ABC. Mr. Cotner began his quoted comment at the 341 Meeting with "Just for unsecured creditors…".(ECF 78, Complaint, ¶ 73, & Ex. Q, 341 Transcript p. 177:14-15). The included quotation and reference are out of context. The Trustee attempts to leverage the Banks alleged failure to respond into a refusal to provide information that he labels

MOULTON BELLINGHAM PC
ATTORNEYS AT LAW
2:21-ap-02005-WLH   Doc#: 83   Filed: 03/16/22   Page 3 of 6

"intentional silence". However, the balance of the 341 Transcript demonstrates that the Trustee and Assistant the U. S. Trustee asked direct questions of ABC, which it answered. ABC and its counsel not only answered the Trustee's questions, but ABC also agreed to meet with the Trustee after the 341 Meeting to review Bank's loans and numbers. (Ex. A, 341 Transcript, p. 81:14 – 82:12).

## CONCLUSION

For the reasons described above, ABC respectfully requests that the Court take judicial notice of the December 12, 2015 Transcript of the First Meeting of Creditors in the Shoot the Moon case.

DATED this 16th day of March, 2022.

                                        MOULTON BELLINGHAM PC

                                        By   */s/ Doug James*
                                             DOUG JAMES
                                             MORGAN B. HOYT
                                        P. O. Box 2559
                                        Billings, Montana 59103-2559

                                        Attorneys for American Bank Center

## NOTICE OF OPPORTUNITY TO RESPOND AND REQUEST A HEARING

If you object to the motion, you must file a written responsive pleading and request a hearing within fourteen (14) days of the date of the motion. The objecting party shall schedule a hearing and shall include in the caption of the responsive pleading the date, time, and location of the hearing by inserting in the caption the following:

NOTICE OF HEARING:

DATE: _____
TIME: _____
LOCATION: _____

This contested matter shall be scheduled for hearing for the next hearing date scheduled in the division within which the case is filed. The date, time, and location of the hearing can be obtained from the Clerk of Court, or from the Court's website at www.mtb.uscourt.gov. In the event such scheduled hearing date is thirty (30) days beyond the filing date of the motion for relief, then a preliminary hearing within such thirty (30) day period shall be scheduled by the responding party after such party contacts the Clerk of Court to confirm the preliminary telephone hearing date and time, which shall be set forth in the response.

If you fail to file a written response to the above Motion with the particularity required by Mont. LBR 4001-1(b) and request a hearing, within fourteen (14) days of the date of this notice, with service on the undersigned and all parties entitled to service under all applicable rules, then your failure to respond to or request a hearing will be deemed an admission that the motion for relief should be granted without further notice or hearing.

DATED this 16th day of March, 2022.

MOULTON BELLINGHAM PC

By /s/ Doug James
Doug James

Attorneys for American Bank Center.

## CERTIFICATE OF MAILING

I, the undersigned, do hereby certify, under penalty of perjury, that on this 16th day of March, 2022, a copy of the foregoing was served by (1) electronic means pursuant to LBR 9013-1(c) on the parties noted in the Court's ECF transmission facilities.

/s/ Doug James
DOUG JAMES